FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN -3 AM 9: 57

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BONNIE ENGLANDE** | * | CIVIL ACTION |
| **VERSUS** | * | NO. 04-2562 |
| **CATHERINE NELLUMS, ET AL.** | * | SECTION "B"(3) |

### ORDER AND REASONS

Before the Court are: (1) Defendants', Catherine Nellums, James Nellums, III (together, the "Nellums"), and Safeway Insurance Company ("Safeway"), Motion to Dismiss For Lack of Personal Jurisdiction (Rec. Doc. No. 12); and (2) Defendant's, Hartford Insurance Company of the Midwest ("Hartford"), Motion to Dismiss for Lack of Personal Jurisdiction and/or Lack of Diversity of Citizenship (Rec. Doc. No. 13). For the following reasons, both motions are hereby **GRANTED**.

### BACKGROUND

Plaintiff, Bonnie Englande ("Plaintiff"), filed a complaint on September 10, 2004 (the "Complaint"), alleging that she sustained damages and injuries in the amount of $300,000, resulting from a car accident in Mississippi involving the Nellums." (Rec. Doc. No.

___ Fee____
___ Process____
_X_ Dktd____
_✓_ CtRmDep____
___ Doc. No____

1). Plaintiff is a citizen of the State of Louisiana[1] and the Nellums are citizens of the State of Mississippi.[2] Also made defendants in the Complaint are Safeway Insurance Company ("Safeway"), "a foreign insurance corporation organized under laws other than the State of Louisiana but doing business in this parish and state,"[3] and Hartford Insurance Company of the Midwest ("Hartford"), "a foreign insurance corporation organized under laws other than the State of Louisiana but doing business in this parish and state."[4] Safeway was the liability insurer of Defendant, Catherine Nellums, as well as the vehicle she owned, which was involved in the accident. Hartford was the uninsured and underinsured motorist insurance carrier of Plaintiff as well as the vehicle she owned, which was involved in the accident.

The Complaint does not specifically identify the basis of this

---

[1] Rec. Doc. No. 1 at 1.

[2] Id.

[3] Id. The Court notes that according to Safeway's website, the company is based in Westmont, Illinois, and maintains field offices in the nine states where they offer service. Among the nine service states are Louisiana and Mississippi. It is unclear whether each of the nine field offices are separately incorporated or whether they are simply branches of a single incorporated company. See http://www.safewayins.com/about.aspx

[4] Rec. Doc. No. 1 at 2. The Court notes that according to the Louisiana Department of Insurance, Hartford is domiciled in the State of Indiana and was approved to do business in the State of Louisiana on January 18, 1983. The Indiana Secretary of State identifies Hartford as a domestic corporation (Control No. 197909-157), created under its laws on September 7, 1979.

Court's subject matter jurisdiction; suffice to say, however, there is no federal question involved here. In Plaintiff's opposition memorandum to the instant motions, she alludes to the fact that she is relying on diversity jurisdiction for this case to be heard in this forum. (Rec. Doc. No. 14 at 2). Hartford and Safeway counter that complete diversity of citizenship among the parties does not exist and the Court therefore does not have jurisdiction over this matter. Pursuant to 28 U.S.C. § 1332(c)(1), Hartford argues it should be deemed a citizen of Louisiana, the state of which Plaintiff is a citizen.

## LAW AND ANALYSIS

### A. Subject Matter Jurisdiction

A complaint should contain a short and plain statement of the court's jurisdictional grounds. See Fed. R. Civ. P. 8(a). In any pleading, simplicity, conciseness and directness are required; however, all pleadings shall be so construed as to do substantial justice. See Fed. R. Civ. P. 8(e)(1) and 8(f).

Federal district courts have limited jurisdiction; they are only authorized to hear actions arising out of federal questions as well as actions in which the matter in controversy exceeds the value of $75,000 and is between parties of different states. See 28 U.S.C. §§ 1331, 1332. "[T]he absence of jurisdiction is generally presumed unless the party invoking federal jurisdiction clearly demonstrates that it exists." Louisiana v. Sprint Communications

Co., 892 F. Supp. 145, 147 (M.D. La. 1995). Claims arising under federal law must appear on the face of a "well-pleaded complaint." See Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 808 (1986) (citation omitted). "For diversity jurisdiction, the party asserting federal jurisdiction must 'distinctly and affirmatively allege[]' the citizenship of the parties. 'Failure adequately to allege the basis for diversity jurisdiction mandates dismissal.'" Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001) (citations omitted). Generally, complete diversity must exist at the time an action is filed. Ray v. Bird & Son & Asset Realization Co., Inc., 519 F.2d 1081, 1082 (5th Cir. 1975).

**B. Personal Jurisdiction**

A federal court sitting in diversity jurisdiction may exercise personal jurisdiction over a nonresident of the state in which that federal court sits though the state's long arm state. See Latshaw v. Johnson, 167 F. 3d 208, 211 (5th Cir. 1999). Because Louisiana's Long-Arm Statute extends personal jurisdiction to the limits of due process, this court need only determine whether subjecting Defendants to suit in Louisiana would offend the Due Process Clause of the Fourteenth Amendment. LSA-R.S. § 13:3201. See also Fox v. Board of Supervisors of Louisiana State, 576 So. 2d 978, 983 (La. 1991).

Personal jurisdiction may be asserted over a nonresident defendant only if that defendant has certain "minimum contacts"

with the forum such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945). Minimum contacts exist if the nonresident defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (citation omitted). Minimum contacts may give rise to either general or specific personal jurisdiction. Allred v. Moore & Patterson, 117 F.3d 278, 286 (5th Cir. 1997) (citations omitted). General jurisdiction arises when the nonresident defendant maintains "continuous and systematic" contacts with the forum state. Id. Specific jurisdiction "is appropriate when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action." Id. See Helicopteros Nacionales de Columbis, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984).

When a defendant alleges that the court does not have personal jurisdiction, a plaintiff need only make a prima facie showing of jurisdiction. Asarco, Inc. v. Glenara, Ltd., 912 F.2d 784, 785 (5th Cir. 1990). The allegations in the complaint are taken as true except as controverted by the defendant's affidavit. Id. All conflicts are resolved in favor of the plaintiffs. Id.

## C. Direct Action Against Insurer

In relevant part, section 1332(c)(1) provides:

"[I]n any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, <u>such insurer shall be deemed a citizen of the State of which the insured is a citizen</u>...."

28 U.S.C. § 1332(c)(1)(emphasis added). <u>See</u> <u>Gulf Belting & Gasket Co. v. Select Ins. Co.</u>, 2004 U.S. Dist. LEXIS 25661 (E.D. La. 2004).

## D. Discussion

Turning to the pleadings now before the Court, we find that Plaintiff has failed to establish the existence of federal jurisdiction. Even after several readings of the complaint and construing its contents liberally, we find no grounds upon which we can reach the facts of this case. First, no federal question appears on the face of the complaint.

Second, there is no complete diversity of the parties and Plaintiff has not shown that the amount in controversy meets the required jurisdictional amount. Although Defendant Safeway Insurance Company concedes it is a foreign citizen, (Rec. Doc. No. 12 at 4), we find that under 28 U.S.C.S. § 1332 (c)(1) Defendant Hartford is a citizen of Louisiana, thus defeating complete diversity.

Generally, a corporation is deemed a citizen of any State

6

where it is incorporated or where it has its principal place of business. 28 U.S.C.S. § 1332 (c)(1). In matters similar to the instant action, an exception exists in "direct action[s] against the insurer of a policy or contract of liability insurance," where the "insured [Plaintiff Bonnie Englande] is not joined as a party-defendant." 28 U.S.C.S. § 1332 (c)(1). In such circumstances, the "insurer shall be deemed a citizen of the State of which the insured is a citizen[.]" Hartford insured Ms. Englande in Louisiana. Therefore, Hartford is a citizen of Louisiana under 28 U.S.C.S. § 1332 (c)(1) and complete diversity does not exist. This Court does not have sufficient subject matter jurisdiction to hear the instant matter due to Plaintiff's failure to satisfy complete diversity.

Third, there are virtually no contacts between the forum state and the Defendants Nellums or their insurance carrier, Safeway Insurance. The activity or alleged negligence which caused the injury did not occur in the forum state, the injury did not occur in the forum state, the defendants do not conduct business or nor did they establish any continuing relationships in the forum state, and the Nellum's insurance contract was purchased in Mississippi. The Court does not find that there are sufficient minimum contacts between either Nellum or Safeway Insurance and the state of Louisiana to justify this Court's exercise of personal jurisdiction over the Defendants.

7

Plaintiff has had ample opportunity to address the issue of jurisdiction, but was unsuccessful in adequately pleading facts and circumstances to allow this case to be heard in federal court.

Moreover, even if this Court had jurisdiction over this matter, it appears that Plaintiff has failed to state a claim upon which relief can be granted. In the light most favorable to Plaintiff and with every doubt resolved in his behalf, the complaint does not state any valid claim for relief. The Court simply cannot conjure up allegations to save this complaint.

## CONCLUSION

For the foregoing reasons, the defendants' respective motions to dismiss are hereby **GRANTED**.

New Orleans, Louisiana, this 26th day of December, 2005.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE